RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 10 11 06
BY OM

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus

MELVIN ROBINSON

CRIMINAL NUMBER 06-50131-01
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is a "Motion To Dismiss Indictment" filed by the defendant, Melvin Robinson ("Robinson"). See Record Document 16. For the reasons stated below, Robinson's motion is **DENIED**.

## I. FACTS

Robinson was indicted by a federal grand jury on two counts. The first count states that Robinson "having previously been convicted of three separate crimes, each punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce firearms and ammunition" in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Record Document 1. 18 U.S.C. § 922(g)(1) states that it is a crime for a person previously convicted of a crime punishable by more than one year of incarceration to possess a firearm. 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act ("ACCA"), a sentencing enhancement statute,[1] provides

---

[1] The 5th Circuit has held, and the defendant and the government agree, that the ACCA does not establish a separate offense but is merely a sentencing enhancement provision. See United States v. Shaw, 883 F.2d 10, 12 (5th Cir.

special penalties upon conviction if the defendant has previously been convicted of three violent crimes. Count two of the indictment is a forfeiture provision pursuant to 18 U.S.C. § 924(d)(1). The latter is not a separate crime but rather a penalty provision. See id.

## II. ANALYSIS

Robinson argues that the indictment should be dismissed because only one prior conviction is required as an element of the crime, and the inclusion of the three prior convictions necessary to invoke the ACCA is unneeded surplusage and is unfairly prejudicial. Robinson also asserts that count two should be dismissed because it does not state an offense, but rather refers to another penalty provision.

The government contends that the indictment includes reference to the ACCA and Robinson's three convictions in order to put Robinson on notice that the government is seeking the sentencing enhancement. The government further states that should the court find that the notice is surplusage, the proper remedy is not dismissal of the indictment, but rather redaction of the verbiage.

This court determines that even if the language is surplusage and is prejudicial as Robinson argues, the proper remedy is not dismissal of the motion. See Fed. R. Crim. P. 7(d); see also United States v. Goodman, 285 F.2d 378, 379 (5th Cir. 1960). Although it is not required, the government often includes such information in the indictment in order to place the defendant on notice that it will seek a

---

1989); see Record Documents 16 and 17.

sentencing enhancement pursuant to the ACCA.² Furthermore, Robinson's argument that count two should not be included in the indictment has no merit, as Federal Rule of Criminal Procedure 7(c)(2) requires that either the "indictment or the information" provide notice that the government is seeking to apply the forfeiture provision in the defendant's case.

### III. CONCLUSION

Based on the foregoing reasons, Robinson's "Motion To Dismiss Indictment" (Record Document 16) is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this /9th day of October, 2006.



JUDGE TOM STAGG

---

²See United States v. Stapleton, 440 F.3d 700, 702 (5th Cir. 2006), stating that the ACCA is not a substantive provision and does not have to be alleged in the indictment nor do the underlying convictions; citing Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219 (1998).