RECEIVED

NOV - 9 2011

TONY R. MOORE, CLERK
BY _____
        DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus

MELVIN ROBINSON

CRIMINAL NO. 06-50131-01
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is a motion filed by Melvin Robinson ("Robinson") pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. See Record Document 40. Based on the following, Robinson's motion is **DENIED**.

## I. BACKGROUND

### A.    Factual Background.

According to the presentence report, on December 18, 2005, police responded to a call regarding a suspicious vehicle in an area where shots had been fired the previous night. Officers located a truck parked on the side of the road that matched the description given by the caller, but when they approached it, the driver sped away. A chase ensued, ending when the vehicle crashed and the driver and passengers climbed out and ran. With the help of a K-9 police dog, officers found Robinson,

who had been the vehicle's driver.  Robinson admitted that he ran from police

because he was a felon and that there were firearms in the truck.  Prior to this arrest,

he had been convicted of burglary in 2000, burglary in 2001, and distribution of

cocaine in 2003.

**B.      Procedural Background.**

On July 27, 2006, a federal grand jury returned a two count indictment against

Robinson.  Count one charged Robinson with possession of firearms and ammunition

by a convicted felon and career criminal in violation of 18 U.S.C. §§ 922(g)(1) and

924(e)(1).  Count two concerned forfeiture pursuant to 18 U.S.C. § 924(d)(1).  See

Record Document 1.  Betty Marak ("Marak"), an assistant federal public defender,

was appointed as counsel for Robinson.[1]  Robinson entered a guilty plea to count one

---

[1]Among other things, Marak filed a motion to dismiss the indictment, arguing that the indictment incorrectly stated the offense in count one.  See Record Document 16.  Title 18, United States Code, section 922(g)(1) states that it is a crime for a person previously convicted of a crime punishable by more than one year of incarceration to possess a firearm.  Title 18, United States Code, section 924(e)(1) (also known as the Armed Career Criminal Act ("ACCA")), a sentencing enhancement statute, provides special penalties upon conviction if the defendant has previously been convicted of three violent crimes.  In the motion, Marak argued that the indictment should be dismissed because only one prior conviction is required as an element of the crime, and the inclusion of the three prior convictions necessary to invoke the ACCA was unneeded surplusage and unfairly prejudicial.  Marak further argued that count two should be dismissed because it did not state an offense, but rather referred to another penalty provision. See Record Document 16.

on November 16, 2006, and was sentenced on March 1, 2007, to 180 months of imprisonment.  See Record Documents 26, 27 and 30.

Robinson subsequently filed an appeal with the United States Court of Appeals for the Fifth Circuit.  See Record Document 33.  Along with the government, Robinson filed a "Joint Motion To Supplement The Record."  See Record Document 38.  The supplement included information concerning Robinson's prior offenses. Marak then filed an Anders brief, requesting to be allowed to withdraw from the case.[2]  The appeal was dismissed as frivolous.  See Record Document 39.  Thereafter, Robinson filed the instant motion to vacate.  See Record Document 40.[3]

---

The court ruled that, even if the language was surplusage and prejudicial as Robinson argued, the proper remedy was not dismissal of the indictment.  The court pointed out that, although it is not required, the government often includes such information in the indictment in order to place the defendant on notice that it will seek a sentencing enhancement pursuant to the ACCA.  Furthermore, the court held that Robinson's argument that count two should not be included in the indictment had no merit, as Federal Rule of Criminal Procedure 7(c)(2) requires that either the "indictment or the information" provide notice that the government is seeking to apply the forfeiture provision in the defendant's case.  See Record Document 18.

[2]Anders established standards for a court-appointed attorney who seeks to withdraw from a direct criminal appeal on the ground that the appeal lacks an issue of arguable merit.  See Anders v. Cal., 386 U.S. 738, 87 S. Ct. 1396 (1967).

[3]The government did not file its response to Robinson's section 2255 motion timely.  Following the late filing, Robinson filed a "Request for Concurrence From U.S. Attorney," in which he asked that the government "show 'cause' or take notice that this office has already waived it's [sic] position, to

3

## II. LAW AND ANALYSIS

Title 18, United States Code, section 2255 states the following:

> [A] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Therefore, relief under 28 U.S.C. § 2255 is limited; it is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. See United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981); United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992).

---

respond, as a matter of 'want of prosecution.'" See Record Document 49 at 3. The government responded, conceding that it filed its response late and indicating that there would be no objection if Robinson was given additional time to file a reply brief. See Record Document 50. In a minute entry, the court noted that the government did file a response in September rather than the August deadline, and found that the appropriate resolution was to allow Robinson to file a reply to the filing the government made in September. See Record Document 51. However, on October 29, 2009, Robinson filed a "Notice Of Denied Access To The Courts," in which he claimed he could not submit his reply brief by the date provided because the prison was on "lockdown." See Record Document 52. The court responded by granting Robinson additional time to prepare his reply, but a reply by Robinson was never filed.

4

It is also established law that the technical application of the Sentencing Guidelines does not give rise to constitutional issues. See United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Thus, the only claim provided in Robinson's motion that can be addressed by this court is his claim that his counsel was ineffective. However, Robinson's remaining claims that his sentence was improper are briefly discussed below.

## A.    Robinson's Status As A "Career Offender."

Robinson states in his motion that he seeks "the removal of his status as a 'Career Offender' of the Laws of the United States of America. Therefore, all argumentatives [sic] that are subsequently presented herein would nexus such relief." Record Document 47 at 5. His complaints revolve around the argument that he was incorrectly sentenced due to the court finding him a career criminal under the ACCA.[4]

_____

[4]According to the ACCA, "in the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). The ACCA further states that the term "serious drug offense" means "an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C.

In particular, Robinson argues that "the probation officer's presentence report contained misrepresented information," which resulted in the violation of his due process rights. Id. at 8. He also asserts that he objected to the classification of the three prior state offenses, as being "predicated in nature." Id. at 9. Robinson therefore claims that the previous state convictions used to classify him as an armed career criminal under the ACCA were incorrect.

The evidence before the court reveals that Robinson was properly sentenced under the ACCA. Robinson was convicted of simple burglary in 2000. He was convicted of simple burglary again in 2001. He was also convicted of intentionally distributing a controlled dangerous substance in 2003. The conviction regarding the controlled substance qualifies as a "serious drug offense" for purposes of the ACCA because it involved the distribution of cocaine and the maximum possible penalty was thirty years. The two burglary convictions qualify as "violent felonies" for purposes of the ACCA because they involved the unlawful or unprivileged entry into, or

---

802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(i) and (ii). The ACCA also defines the term "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that has as an element the use, attempted use, or threatened use or physical force against the person of another; or is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. . . ." 18 U.S.C. § 924(e)(2)(B)(i) and (ii).

6

remaining in, a building or structure, with the intent to commit a crime. These two offenses thus qualified as generic burglaries for purposes of the ACCA. Therefore, Robinson was correctly sentenced as a career offender according to 18 U.S.C. § 924(e)(1).

Robinson, however, asserts that burglary is not a violent crime and, therefore, should not have been used to enhance his sentence. He then argues that <u>Taylor v. United States</u>, 495 U.S. 575, 110 S. Ct. 2143 (1990), set forth the standards that should have been applied in determining whether or not to include his prior burglary offenses. However, the Court in <u>Taylor</u> explained that an offense constitutes "burglary" under section 924(e) if, regardless of its exact definition or label, it has the basic elements of a "generic" burglary--<u>i.e.</u>, an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime. <u>See id.</u> at 599, 110 S. Ct. at 2158. Both of the bills of information regarding Robinson's burglary convictions state that Robinson "did with intent to commit a felony and theft therein, make an unauthorized entry." Record Document 48, Ex. A. Therefore, Robinson's assertions that his burglary offenses were not properly used to determine that he was a career offender lack merit.

Robinson next asserts that the crime of "burglary" in Louisiana does not fit the

7

description of "violent."  However, Taylor also explains that the convicting state's definition of "burglary" cannot control the word's meaning under section 924(e), since that would allow sentence enhancement for identical conduct in different states to turn upon whether the particular states happened to call the conduct "burglary." See id.  Therefore, Robinson's previous crimes were correctly stated in the presentence report and correctly used for the purpose of enhancing his sentence.

**B.    Ineffective Assistance Of Counsel.**

Robinson asserts that his counsel was ineffective during trial and on appeal. Ineffective assistance of counsel claims may generally be heard under a section 2255 motion. See United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996).  However, to prevail on a claim of ineffective assistance of counsel, Robinson must prove that (1) his counsel's actions fell below an objective standard of reasonableness and (2) his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

The first prong of the Strickland analysis requires a showing by Robinson that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id.  The Fifth Circuit has described this standard as requiring that counsel "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." United States

8

v. Phillips, 210 F.3d 345, 348 (5th Cir. 2000) (quotation and citation omitted).  In evaluating counsel's performance, the court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.  Robinson may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id. at 690, 104 S. Ct. at 2066.

Under the second prong of the Strickland test, Robinson must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.  To satisfy the prejudicial prong of the Strickland test, Robinson must establish that he would have received less time in prison. See United States v. Grammas, 376 F.3d 433, 438 (5th Cir. 2004).  If Robinson fails to establish either prong of the Strickland test, then his claim of ineffective assistance of counsel must fail.

1.    Counsel At Trial.

Robinson alleges that his attorney, Marak, was ineffective at trial because she "neglected the investigation of his contentions [regarding] the prior state

9

convictions." See Record Document 47 at 19. He specifically asserts that he did not plead guilty to knowingly and intentionally distributing cocaine in state court. Instead, he contends that he pled only to simple possession. Therefore, Robinson complains that Marak failed to investigate the underlying facts of the state court matter and that he should not have been sentenced as a career offender under the ACCA.

In Strickland, the Supreme Court stated:

> [C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

Strickland, 466 U.S. at 691, 104 S. Ct. at 2066. "So long as counsel made an 'adequate investigation,' any strategic decisions made as a result of that investigation fall within the wide range of objectively reasonable professional assistance." Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002) (citation omitted), overruled on other grounds by Tennard v. Dretke, 542 U.S. 274, 283-84, 124 S. Ct. 2562, 2569-2570 (2004). In this case, Robinson failed to point to anything in the record to evidence his claim that an adequate investigation was not had. In fact, the opposite is true. Marak, along with the government, jointly supplemented the

10

record on appeal to include the state court records evidencing Robinson's state court convictions. Furthermore, the allegation concerning his prior drug conviction is simply untrue. The state court record shows that on January 23, 2003, Robinson plead guilty to knowingly and intentionally distributing a controlled dangerous substance. See Record Document 48, Ex. A. Therefore, the argument that Marak was ineffective as counsel because she did not do an investigation into his prior convictions lacks factual basis. Further, it does not meet the test set forth in Strickland. It does not show that Marak's conduct was "outside the wide range of professionally competent assistance" because there is no evidence to suggest that she did not do a thorough investigation into Robinson's state court charges. Strickland, 466 U.S. at 690, 104 S. Ct. at 2066.

However, even if his assertion is taken as true, Robinson must still demonstrate that his counsel's alleged failure resulted in prejudice to him. See Lockhart v. McCotter, 782 F.2d 1275, 1282 (5th Cir. 1986). Robinson has failed to do so. He has not pointed to any particular evidence or testimony which might have been gleaned from further investigation. Nor has he demonstrated that "there is a reasonable probability that, but for counsel's failure to investigate, the result of the proceeding would have been different." Murray, 736 F.2d at 282. Counsel's failure to investigate the state court charges was clearly not unreasonable and did

not prejudice Robinson.  Accordingly, his claim must fail.

## 2.    Counsel On Appeal.

Robinson next argues that his counsel was ineffective at the appellate level because she "neglected to request her own version of the state record," and then "filed an erroneous Anders Brief." See Record Document 47 at 20.  However, on appeal, Marak signed and filed a "Joint Motion To Supplement The Record," which included ample information about Robinson's prior offenses. See Record Document 38. There is no evidence to suggest Marak was not thorough in examining the information that accompanied the motion when she signed and filed it on Robinson's behalf.

With regard to Marak's withdrawal as counsel for Robinson, courts have noted that Anders briefs, such as the one Marak filed, "serve the valuable purpose of assisting the court in determining . . . that counsel in fact conducted the required detailed review of the case and that the  appeal is indeed so frivolous that it may be decided without an adversary presentation." See Penson v. Ohio, 488 U.S. 75, 82, 109 S. Ct. 346, 351 (1988). An attorney can advise a court that an appeal is frivolous without impairing the client's constitutional rights. See McCoy v. Court of Appeals of Wis., Dist. 1, 486 U.S. 429, 443, 108 S. Ct. 1895, 1904 (1988).  Furthermore, "Neither paid nor appointed counsel may deliberately mislead the court with respect to either the facts or the law, or consume the time and the energies of the court or the

12

opposing party by advancing frivolous arguments. An attorney, whether appointed or paid, is therefore under an ethical obligation to refuse to prosecute a frivolous appeal." Id. at 436, 108 S. Ct. at 1901. As a safety provision, Anders also makes it clear that "if [the appellate court] finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." Anders, 386 U.S. at 744, 87 S. Ct. at 1400.

There is no evidence to suggest that Marak's decision to file an Anders brief was improper, or that her conduct "fell below an objective standard of reasonableness" pursuant to the first prong of the Strickland test. Robinson likewise offers no evidence to show that he suffered any prejudice pursuant to the second prong of the Strickland test. In its decision to deny Robinson's appeal, the Fifth Circuit stated, "Our independent review of the record and counsel's brief discloses no nonfrivolous issue for appeal." See Record Document 39. The appellate court's decision was made on the basis of Robinson's claim and the record. He was not prejudiced by Marak's actions as his counsel. Therefore, because Robinson has failed to establish either prong of the Strickland test, his claim that he received ineffective assistance of counsel on appeal must fail.

### III. CONCLUSION

Robinson's claims are all without merit. Therefore, his motion to vacate, set

13

aside, or correct sentence under 28 U.S.C. § 2255 (Record Document 40) is

**DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue

herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 8th day of

November, 2011.

_____
JUDGE TOM STAGG